FILED
SUPERIOR COURT
OF GUAM

2014 JUN 17 AM 9: 22

CLERK OF COURT
BY:



## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0137-14 |
|---|---|
| v. | **DECISION AND ORDER** |
| JASON JESUS CRUZ, | |
| Defendant. | |

## INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on May 2, 2014 on Defendant's Motion to Dismiss the First Charge of the indictment. Alternate Public Defender Ana Maria C. Gayle represented the Defendant, and Assistant Attorney General Nicole D. Driscoll represented the People. The Court took the matter under advisement and now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with Burglary as a second degree felony and Theft of Property as a misdemeanor. The charges stem from a March 28, 2014 incident wherein the Defendant allegedly entered the manager's office of the 671 Game Room in Mongmong and removed the manager's bank deposit bag.

On April 11, 2014, Defendant filed a Motion to Dismiss the First Charge of Burglary challenging the sufficiency of the evidence presented to the Grand Jury to establish reasonable cause for the charge. On April 29, 2014, the People filed an Opposition to the Motion to Dismiss the First Charge.

*People v. Cruz*
Case No. CF0137-14
Decision and Order

## DISCUSSION

Defendant moves to dismiss this case on the grounds that the People failed to provide sufficient competent evidence to support the true bill for the charge of burglary. In opposition, the People contend that the dismissal is not warranted because the indictment is sufficient.

Guam law provides that "the grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54 (2008). 'Competent evidence' is evidence that a reasonable person would rely on in conducting his or her daily affairs. *People v. Quidachay*, 815 F.2d 1311, 1313 (1987). 'Reasonable cause' amounts to evidence such that "a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. Grajo*, 1987 WL 109393 at *2 (D. Guam A.D. 1987) (citing *People v. Ketchel*, 381 P.2d 394, 409 (1963) (interpreting California's equivalent statute), *vacated on other grounds*, 409 P.2d 694 (1966)).

Dismissal of an indictment is considered a "drastic step" and is generally disfavored as a remedy. *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (citing *United States v. Rogers*, 751 F.2d 1074, 1076-77 (9th Cir. 1985)). Once an indictment is returned, a party challenging it bears a heavy burden—"he must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment." *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (citing *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982)). Otherwise, a reviewing court should uphold an indictment if there is some rational ground for assuming the *possibility* that an offense has been committed and that the accused is guilty of it. *Grajo*, 1987 WL 109393 at *2 (emphasis in original) (citing *Ketchel*, 381 P.2d at 409).

//

The first charge against the Defendant states:

> "On or about March 18, 2014, in Guam, **JASON JESUS CRUZ** did commit the offense of ***Burglary***, in that he did enter the separately secured or occupied portion of the property of *671 Game Room* in Mongmong, with the intent to commit a crime of theft therein, at a time when the separately secured or occupied portion of the property was neither open to the public nor defendant was licensed or privileged to so enter in, in violation of 9 GCA § 37.20(a) and (b)."

Pursuant to 9 G.C.A. § 37.20(a):

> "A person is guilty of burglary if he enters or surreptitiously remains in any habitable property, building, or a separately secured or occupied portion thereof, with the intent to commit a crime therein, unless the premises are at the time open to the public or the defendant is licensed or privileged to enter . . . ."

Defendant argues that an essential element of burglary—the entering of "a separately secured or occupied portion" of a habitable property or building, "with intent to commit a crime therein, unless the premises are at the time open to the public . . ."—was not presented to the grand jury. *Id.*; Def.'s Mot. to Dismiss the First Charge at 4. Defendant supports this argument with the assertion that the 671 Game Room was open to the public and that he entered the game room to gamble. Def's Mot. to Dismiss at 3. Defendant acknowledges that he allegedly entered the manager's office, but argues that the office was unlocked or unsecured and is in the same premises as the game room and, therefore, not a separate portion of the property. *Id.* Defendant cites an Alaska case in which a burglary charge was dismissed on the grounds that the back room and walk-in cooler inside a store were not considered separate subunits of the premises and that the defendant's entry was not unlawful because the store was open to the public. *Id.* at 3-4 (citing *Arabie v. Alaska*, 699 P.2d 890 (1985)).

The People oppose, asserting that the grand jury was presented with evidence sufficient to give reasonable cause to believe that a burglary did occur and that the Defendant committed

it. People's Opp'n to Mot. to Dismiss First Charge at 4. The first charge of the indictment specifically states that Defendant "did enter the separately secured or occupied portion of the property . . . ." Indictment at 1. The People contend that the manager's office "is a separate unit of the business, unauthorized for entry by the public, and therefore a separately occupied portion of the building . . .," which brings it within the meaning of burglary, and Defendant's entry into the office exceeded the scope of his license to enter the premises. People's Opp'n to Mot. to Dismiss at 3.

The People support this argument with the assertion that video surveillance footage shows the Defendant entering and exiting the manager's office and then exiting the game room shortly after the manager placed her bank bag in the office and during the time frame in which the bank bag went missing. People's Decl. at 1. The People cite multiple cases in which courts have held that a separately secured portion of a store, a separately occupied office of a church, and a separately occupied but unsecured manager's office within a store qualified as separately secured or occupied portions of the respective premises. People's Opp'n to Mot. to Dismiss at 2 (citing *State v. Sanchez*, 735 P.2d 536, 537-39 (N.M. Ct. App. 1987); *Commonwealth v. Cleland*, 66 Pa. D. & C. 4th 225, 231-35 (Pa. Ct. Com. Pl. 2004)). The People distinguish the Defendant's reference to *Arabie* in that *Arabie* is a less persuasive authority than those cited by the People because Alaska's burglary statute does not contain the "separately secured or occupied" language in the definition of burglary. *Id.* at 3.

The Court finds that the evidence presented does meet the standard of competent evidence from which the grand jury could have found reasonable cause that a burglary did occur and that the Defendant committed it. The People presented to the grand jury that the victim placed her bank deposit bag in her purse inside her office at approximately 3:30 a.m. and that she noticed it missing at approximately 10:00 a.m. The Defendant acknowledges that he was

present at the game room during this time. The People further presented to the grand jury that video surveillance footage showed the Defendant entering and exiting the manager's office, and subsequently exiting the 671 Game Room, during this time frame. The Defendant also acknowledges that he entered the manager's office during this time frame. From the evidence that the Defendant entered and exited the manager's office prior to exiting the establishment, the grand jury could find reasonable cause to believe that the office was a separately occupied portion of the main game room premises. Additionally, from the evidence that the victim's bank bag went missing, the grand jury could find reasonable cause to believe that a theft did occur. Finally, from the evidence that the Defendant was present in the office during the time the victim's bank deposit bag went missing, the grand jury could find reasonable cause to believe that the Defendant did commit the theft and, thus, the indictable crime of burglary.

Furthermore, in light of the standard for dismissal, the Court does not find that the Defendant met his burden of demonstrating that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment.

///

///

///

*People v. Cruz*
Case No. CF0137-14
Decision and Order

## CONCLUSION

For the foregoing reasons, the Court finds that there was sufficient evidence presented to the grand jury to support reasonable cause to believe that the indictable offense of burglary had been committed and that the Defendant committed it. Therefore, Defendant's Motion to Dismiss the First Charge of Burglary as a Second Degree Felony is hereby **DENIED**. The Parties are to return on ___ JUN 1 8 2014 ___ at _9:30_ (a.m.)/p.m. for a Motion Hearing.

**IT IS SO ORDERED** this 17th day of June, 2014.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the Original hereto was placed in the court box of:
ATT. AG, DMR
D to Foley
Date: 6/17/14 Time: 10:30 A
Deputy Clerk, Superior Court of Guam

*People v. Cruz*
Case No. CF0137-14
Decision and Order